IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 09-393 |
| SONDRA L. BOYD, | : |
| Defendant. | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                            **MARCH 13, 2009**

Presently before the Court is Defendant Sondra L. Boyd's ("Boyd") Motion to Dismiss Plaintiff Amica Mutual Insurance Company's ("Amica") Declaratory Judgment action ("Complaint"). For the reasons set forth below, Boyd's Motion will be granted.

### I. FACTS

Amica is a Rhode Island corporation and maintains its principal place of business in Rhode Island. (Pl.'s Compl. ¶ 1.) Boyd alleges that she is a citizen and resident of the Commonwealth of Pennsylvania.[1] (Def.'s Br. Supp. Mot. to Dismiss 2.)

Amica filed its Complaint in this Court on January 28, 2009, alleging jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. In its Complaint, Amica states that, on December 10, 2001, Boyd was involved in a motor vehicle accident in York, Pennsylvania, in which she allegedly sustained injury. (Pl.'s Compl. ¶ 5.) Amica acknowledges that, at the time of the accident, Boyd was insured under a policy of automobile insurance issued by Amica that

---

[1] Amica alleges in its Complaint, however, that Boyd is a citizen and resident of California. (Pl.'s Compl. ¶ 2.)

provided coverage for, among other things, injuries and damages caused by an underinsured motorist. (Id. ¶ 4.) Amica states that Boyd made a claim against the other party involved in the accident, Lance Danmyer ("Danmyer"), for injuries and damages allegedly resulting from the accident. (Id. ¶ 7.) Amica further states that, on November 26, 2003, Boyd executed a Release in favor of Danmyer. (Id. ¶ 8.)

According to Amica's Complaint, Boyd notified Amica of her desire to obtain underinsured motorist benefits as a result of the accident, but has not otherwise filed an action against Amica, demanded arbitration under the Amica policy, or filed any legal pleading to toll the statute of limitations. (Id. ¶ 11.) Amica asserts that the four-year statute of limitations on Boyd's claim for underinsured motorist benefits expired on November 26, 2007, thereby barring any claim for benefits that she may have otherwise had. (Id. ¶ 12.) Amica's claim against Boyd is based entirely on Pennsylvania law and the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701, et seq. There are no issues of federal law involved in the underlying matter.

## II. DISCUSSION

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). The Supreme Court has referred to the Act as "an

enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136. Thus, even when the suit otherwise satisfies the prerequisites for subject matter jurisdiction, a district court may nonetheless decline to entertain a declaratory judgment action.[2] Roth v. Progressive Ins. Co., No. 08-948, 2008 U.S. Dist. LEXIS 56400, at *3 (W.D. Pa. July 22, 2008).

However, the district courts' discretionary power is not unrestricted. For example, a district court does not have open-ended discretion to "decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134. None of these exceptions, however, are present here. Rather, Amica's action presents the "all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters." Roth, 2008 U.S. Dist. LEXIS 56400, at *4.

The Third Circuit has stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136. Moreover, the interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." Id. It should also be noted that the existence of a parallel

---

[2] Regardless of whether the federal Declaratory Judgment Act or the Pennsylvania Declaratory Judgment Act governs, the Court's discretionary authority is the same. Under Pennsylvania law, "[w]hether a trial court should exercise jurisdiction over a declaratory judgment action is a matter of sound judicial discretion." Osram Sylvania Prods., Inc. v. Comsup Commodities, Inc., 845 A.2d 846, 848 (Pa. Super. Ct. 2004).

state court proceeding is a factor for the Court to consider, but it is not a "necessary predicate for a district court to decline jurisdiction in a declaratory judgment action." Roth, 2008 U.S. Dist. LEXIS 56400, at *5-*6 (citations omitted); see also Summy, 234 F.3d at 134-35. Finally, "in order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters." Summy, 234 F.3d at 136. The Third Circuit in Summy stated:

> [I]t is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system. In short, where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions.

Id. at 135 (internal quotations omitted) (citations omitted).

Both parties agree that the Pennsylvania Supreme Court has yet to determine precisely when the statute of limitations begins to run on an underinsured motorist claim. Moreover, as already discussed, there are no federal questions present in this dispute. Finally, the fact that there is no parallel state court proceeding pending in this case is not determinative, and in the Court's opinion, the lack of any federal interest in this dispute outweighs the absence of a parallel state proceeding. See Roth, 2008 U.S. Dist. LEXIS 56400, at *6-*7. Therefore, for the above reasons, this Court, in its discretion, will decline to exercise jurisdiction over Amica's Complaint.

An appropriate Order follows.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SONDRA L. BOYD, <br><br> Defendant. | CIVIL ACTION <br><br> No. 09-393 |

## ORDER

AND NOW, this 13th day of March, 2009, in consideration of the Motion to Dismiss filed by Defendant Sondra L. Boyd (Doc. No. 4), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff Amica Mutual Insurance Company's Declaratory Judgment action is **DISMISSED** without prejudice.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE